# CHARLESTON.

STANLEY v. COUNTY COURT OF KANAWHA COUNTY

Submitted September 23, 1919.    Decided September 30, 1919.

1. COUNTIES—*Publication of Order for Road Bond Election Sufficient.*

    Section 56a. XXVa, chapter 43, serial section 1793, Code 1913, providing for the posting and publishing thirty days before the poll is taken, orders of the county court providing for the holding of elections for the purpose of taking the vote of the legal voters upon the question of issuing bonds the proceeds of which are to be used in permanently improving the public roads, considered in the light of a subsequent amendment of said act, and with reference to the decisions of this court interpreting other statutes on the subject of notice, is satisfied by the publication of such order once a week for four consecutive weeks, and the contract of the county court for the publication of such order for thirty consecutive days or oftener than once a week for four consecutive weeks, is illegal and void, and payment of a greater sum than the legal rate for four insertions of such publication should be enjoined.    (p. 621).

2. SAME—*Liberal Construction of Statute for Newspaper Publications Adopted.*

    In construing such statue the liberal rather than the technical rule of construction should be applied.    (p. 622).

Appeal from Circuit Court, Kanawha County.

Bill for injunction by I. J. Stanley against the County Court of Kanawha County and others. From a decree sustaining a demurrer to the bill, dissolving a preliminary injunction, and dismissing the bill, complainant appeals.

*Affirmed in part. Reversed in part. Remanded.*

*Linn & Byrne,* for appellant.

84 W. Va.

MILLER PRESIDENT:

The decree below sustained the demurrer to the bill, dissolved the preliminary injunction awarded by four of the judges of this court on the 17th day of May, 1915, and dismissed the bill. The object of the bill was purely one for an injunction, and the injunction so awarded enjoined and restrained the defendants, the county court of Kanawha County, M. P. Malcolm, D. A. Brawley and Grant Copenhaver, commissioners composing said court, from paying to the defendants, Daily Gazette Company, The Post Company and The Charleston Mail Association, corporations, or either of them, for or on account of the publication of the order described in the bill, out of the public revenues of Kanawha County, or any district thereof, any sum in excess of the legal rates for one insertion of said publication.

The order mentioned in said bill to which said injunction related was an order of said county court providing that a special election be held on the 29th day of May, 1915, in the districts of Poca, Jefferson, Charleston, Loudon, and Malden, for the purpose of taking the vote of the legal voters of the said districts respectively, upon the question of the issuance of bonds, the proceeds of which were to be used for the purpose of making permanent improvements upon certain public roads of said districts.

The suit brought by plaintiff, as a citizen and taxpayer suing on behalf of himself and all other citizens and taxpayers, was first, to enjoin the holding of a special election ordered, and, second, to enjoin the payment out of the public revenues, to the publishers, anything for such publications; but the preliminary injunction so granted was limited to payments in excess of the legal rates for one insertion thereof as already stated.

The bases of the relief so sought were, first, that the orders for various reasons were illegal and that any election thereon would be wholly void; second, that under section 56a, XXVa, serial section 1793, Code 1913, providing for the holding of such special elections and the posting and publication of the order therefor, the provisions of law respecting such posting and publication is that "such order must be

published throughout the said district thirty days at least, before the poll is taken, as follows.'' Then follows the paragraph relating to posting the same in the clerk's office, at the front door of the court house, and by the sheriff. at all the polling places. In the succeeding paragraph is the following provision: *"The court shall direct a copy to be published in one or more newspapers if they are published in said county."*

The bill alleges that by proper construction of these provisions of the statute read together the court was limited to one publication in each newspaper, and was unauthorized by law, as the bill alleges it had undertaken to do, to contract with The Post Company for thirty insertions thereof, or one insertion each day for thirty consecutive days, at the aggregate price of $2,000, and with the other publishers for one insertion each week for four consecutive weeks preceding the election, for the aggregate price of six hundred dollars to each publisher, and from which payment defendants should be enjoined.

Counsel for defendants have not followed the case to this court, and we have not the benefit of their views except as disclosed by the answers. Nor have the counsel for plaintiff, either in their brief filed or in oral argument, cited us to any authority outside of the statute itself in support of their contention that the county court was limited to a single insertion of the order in each of the newspapers in which it was published. We find however many decisions of the courts holding that where a statute requires ten, twenty, thirty or any other number of day's notice, daily publication is not required but that the statute is satisfied with a single insertion thereof. *Southworth* v. *Glasglow*, 232 Mo. 108, Ann. Cas. 1912B, 1267, and note p. 1274, where all the cases are collected. Many cases hold, however, that where publication is required ''for'' a given number of days or weeks, it must be for each day or each week for the required number of days or weeks, thereby giving force to the preposition ''for'', and distinguishing that class of statutes from those where continuity is not contemplated or so indicated by the use of the preposition. We have at least two cases

bearing on the question in this State, that of *Benwood* v. *Railway Co.,* 53 W. Va. 465, and *Atkinson* v. *Washington and Jefferson College,* 54 W. Va. 32: the first holding that a statute requiring notice to be given by publication for thirity days in some newspaper of general circulation is sufficiently complied with by publication in the successive issues of a weekly newspaper through the period of time mentioned; the second holding that where a deed of trust provided that sale under it should be given by advertisement published thirty days previous thereto in some newspaper, the requirement was sufficiently complied with by publication in such newspaper once a week during such period of thirty days.

But we are not disposed to pursue the decisions further. We find that pending the publication of the order in this case, and pending this suit, the Legislature, in extraordinary session, on May 24, 1915, probably with reference to this very controversy, and in view of the different constructions put upon the statute involved, and the general and indefinite character thereof, by section 5 of chapter 8 of the acts of said session, put legislative construction upon said statute by providing that: ''The court shall direct a copy to be published once each week for four succesive weeks, prior to the date of said election in one or more newspapers, if they are published in said county or district.'' We have said in a number of cases that in construing statutes requiring newspaper publication, the liberal rather than the technical rule should be applied. *Marling* v. *Robrecht,* 13 W. Va. 440; *Miller* v. *Neff,* 33 W. Va. 197; *Sandusky* v. *Faris,* 49 W. Va. 150. This was the rule applied in the two cases cited. Our conclusion is based on our own cases and the interpretation of the Legislature by the amendment of 1915, that the interpretation which the record shows was put upon the statute by the Attorney General at the time, is the correct one, and that the statute was satisfied by the publication of the order for four consecutive weeks as directed with respect to the Daily Gazette Company and The Charleston Mail Association, and that as to the contract for payment to these companies to the extent of the legal rates, the injunction was properly dissolved, but that the county court was not authorized by

law to incur the extraordinary expense of daily publication of the order in the Charleston Post, and that its contract with The Post Company for payment of a sum in excess of the legal rate for four insertions, was illegal and void, and upon the record now presented, payment of a greater sum should be enjoined.

Another point urged is that at the time of the decree appealed from, the cause was still at rules and not matured for final hearing, and that the final decree pronounced over the protest of the plaintiff, who represented that further time to mature the cause was desired, was erroneous. There can be no doubt that this point is well founded.

Our conclusion is that in so far as the decree undertakes to dissolve the injunction against payment to The Post Company for publication of said order in excess of the legal rate for four insertions thereof and to dismiss the bill before maturity, the final decree should be reversed and in all other respects it should be affirmed. Accordingly the injunction to the extent indicated will be re-instated until the further order of the circuit court, and the cause will be remanded for further proceedings to be had therein, in accordance herewith, and further according to the rules and principles governing courts of equity.

*Affirmed in part. Reversed in part. Remanded.*